UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILIPPE LOUIS,

     Plaintiff,

v.                              Case No: 2:17-cv-393-FtM-99CM

ELAINE DUKE[1], Acting Secretary, Department of Homeland Security, JAMES MCCAMENT, Deputy Director, Citizenship and Immigration Services, and DAVID ROARK, Director, Texas Service Center, Citizenship and Immigration Services,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss for Mootness (Doc. #21) filed on October 25, 2017. No response has been filed, and the time to respond has expired. The government also indicates that attempts to contact counsel for plaintiff were unsuccessful. For the reasons stated below, the Court finds that the Complaint must be dismissed as moot.

---

[1] The successor public officer is automatically substituted as the party. Fed. R. Civ. P. 25(d).

## I. *Complaint*

On July 13, 2017, plaintiff, a native and citizen of Haiti, filed his Complaint to compel defendants to adjudicate his Form I-140 Petition (Petition) that was filed with the United States Citizenship and Immigration Services (CIS) on December 20, 2010, seeking a classification as an alien of exceptional ability, and in the national interest, under 8 U.S.C. § 1153(b)(2). Plaintiff seeks relief pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, et seq., and by declaratory judgment, 28 U.S.C. § 2201 and § 2202. After receipt of plaintiff's Petition, in 2011, CIS issued a Request for Evidence for additional documentation. Plaintiff responded, and CIS issued a second Request for Evidence. Plaintiff again responded. Despite this compliance, plaintiff alleges that his Petition remains pending, and has been unreasonably delayed.

On August 3, 2017, CIS issued a Notice of Intent to Deny plaintiff's Petition because CIS concluded that plaintiff had not established that he qualified as an alien of exceptional ability or that he qualified for a national interest waiver of the job offer requirement. (Doc. #22-1, Exh. A.) Plaintiff was provided time to submit any additional information, but plaintiff did not submit any response.

On September 25, 2017, CIS issued its Decision (Doc. #22-2, Exh. B) denying the Form I-140 Petition for Alien Worker. The

Decision provides that plaintiff could appeal to the Administrative Appeals Office, or file a motion to reopen or reconsider. There is no indication that plaintiff exercised either one of these options within the time period provided.

Defendants argue that the issuance of a Decision renders the lawsuit moot, and that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) on this basis. The Court agrees.

## II. *Motion to Dismiss*

In this case, plaintiff does not seek review of the denial of his application, which occurred after the filing of his Complaint. Rather, plaintiff is seeking to compel the agency to process his visa application, which remained undetermined at the time the Complaint was filed. The failure to follow regulations, and the failure to process a visa application altogether, is reviewable as a non-discretionary function. Kurapati v. U.S. Bureau of Citizenship & Immigration Servs., 775 F.3d 1255, 1262 (11th Cir. 2014); Bonillo v. Sec'y, U.S. Dep't of Homeland Sec., 497 F. App'x 913, 916 (11th Cir. 2012).[2] For this reason, and because visas are to be considered in the priority order from the date an application is accepted for processing, see 8 C.F.R. § 204.5(d),

---

[2] Cf. Eldeeb v. Chertoff, 619 F. Supp. 2d 1190, 1201-1203 (M.D. Fla. 2007) (District courts remain split on whether the amount of time it takes to process an application is a discretionary function); Ren v. Mueller, No. 6:07-CV-790-ORL-19DAB, 2008 WL 191010, at *4 (M.D. Fla. Jan. 22, 2008).

3

the Court finds it had subject-matter jurisdiction when the Complaint was filed.

Things have changed however. Defendants have now made a decision on the application, and there remains nothing for the Court to compel regarding the processing of the application.

Article III of the United States Constitution limits the jurisdiction of the Court to cases or controversies that are justiciable. Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001). A case becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the Court can give meaningful relief. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008). "[E]ven a once-justiciable case becomes moot and must be dismissed 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga., 868 F.3d 1248, 1255 (11th Cir. 2017) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Because the Petition has now been decided, there exists no case or controversy in which the court can give meaningful relief. The case will be dismissed as moot.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss for Mootness (Doc. #21) is **GRANTED**.

2. The Complaint for Issuance of Writ of Mandamus (Doc. #1) is **dismissed without prejudice** as moot.

3. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

5